IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JERREMY RAY, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 5:16-CV-00115-RWS |
| § | |
| v. § | |
| § | |
| J WILSON, WARDEN AT TELFORD § | |
| UNIT; MS. LYNNE SHARP, COATES, § | |
| CAPTAIN AT TELFORD UNIT; FNU § | |
| HARRIS, MAJOR AT JAMES ALLRED § | |
| UNIT; KELVIN SCOTT, TDCJ REGIONAL § | |
| DIRECTOR; R SMALLIE, GRIEVANCE § | |
| INVESTIGATOR AT TELFORD UNIT; § | |
| AND OFFICE OF THE ATTORNEY § | |
| GENERAL AS AMICUS CURAIE, § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jerremy Ray, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The Court referred this case to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. §636(b)(1) and (3) for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge issued a Report and Recommendation of the United States Magistrate Judge ("Report") (Docket No. 31), recommending that Plaintiff's claims against Warden Wilson, Regional Director Kelvin Scott, grievance investigator Rachel Smallie, and Prison Rape Elimination Act ("PREA") Ombudsmen Lynne Sharp be dismissed without prejudice for failure to state a claim upon which relief may be granted. The Magistrate Judge further recommended that Plaintiff's claims against Major Harris be severed out of this lawsuit and transferred to the Northern District of Texas, Wichita Falls

Division. Docket No. 31. The Magistrate Judge also recommended that Plaintiff be allowed to proceed on his claim of deliberate indifference against Captain Oakes.[1]

The Court has received and considered the Report and Recommendation along with the record and pleadings. Plaintiff filed objections (Docket No. 33) and amended objections (Docket No. 34) to the Report. No response to the objections was filed. The Court reviews the objected-to portions of the Report *de novo*, and addresses each point of objection in turn. FED. R. CIV. P. 72(b)(2).

Warden Wilson

First, Plaintiff reiterates that Warden Wilson is legally responsible for the operation of the Telford Unit and notes that Warden Wilson received letters and phone calls about Plaintiff, but did not respond. He further contends Warden Wilson is personally liable because he had to sign off on the investigation.

In order to show Warden Wilson was deliberately indifferent to his safety, Plaintiff must allege sufficient facts stating a claim which is plausible on its face. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010). Conclusory allegations, unwarranted factual inferences, or legal conclusions are not sufficient. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). His allegations fall well short of this standard.

As the Magistrate Judge correctly observed in her Report, Plaintiff's contention that Warden Wilson is legally responsible for the operation of the Telford Unit is a claim of *respondeat*

---

[1] Although Plaintiff identified this defendant as "Captain Oates," the Attorney General for the State indicates the correct spelling of her surnames is Oakes. The Attorney General further states Captain Oakes has left the employment of TDCJ-CID and now uses the surname of Studdard.

*superior* liability, which is generally inapplicable in §1983 claims. Docket No. 31 at 7 (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir.2005)). Instead, the unit warden may only be held liable if there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or if he implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *Id*. (citing *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)).

Plaintiff has not set out a plausible allegation of any of these factors. The fact that Warden Wilson did not respond to Plaintiff's letters or the telephone calls on his behalf does not demonstrate personal involvement or wrongful conduct which was causally connected to a constitutional violation. Similarly, approval by Warden Wilson of the results of an OPI investigation does not demonstrate deliberate indifference absent a showing that the warden knew or should have known that the results of the investigation were incorrect but still disregarded them. *See Cudjo v. Delarosa*, Civil Action No. 6:12-cv-334, 2013 WL 2242456 (E.D.Tex. May 21, 2013). That Warden Wilson may have believed the investigator's conclusion, instead of Plaintiff's claims, likewise does not show deliberate indifference. Plaintiff's objections to the dismissal of Warden Wilson are overruled.

<u>Regional Director Scott</u>

Plaintiff next reargues that he wrote and sent grievances to Regional Director Kelvin Scott, but that Director Scott failed to respond or intervene to protect him. Plaintiff also notes that no investigation occurred. The Magistrate Judge is correct that the mere fact that Plaintiff addressed letters to Director Scott, and that Director Scott did not respond to Plaintiff's grievances and letters,

does not give rise to a constitutional claim. *See* Docket No. 31 at 8 (citing *Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004); *Smith v. Bell*, Civil Action No. 5:10-cv-58, 2011 WL 806205 (E.D.Tex. Jan. 25, 2011), *report and recommendation adopted*, 2011 WL 778200 (E.D.Tex. Mar. 1, 2011)). Plaintiff's objections regarding the dismissal of Regional Director Scott are, therefore, overruled.

Grievance Investigator Smallie

Third, Plaintiff complains that Grievance Investigator Rachel Smallie did not address Plaintiff's request for a review of the surveillance cameras and refused to investigate or process his grievances. Plaintiff asserts that it is Investigator Smallie's job to review incidents and investigate them to the best of her ability, and that Plaintiff requested a camera review for "documentary evidence for a breach of security." The Magistrate Judge properly concluded that Plaintiff has no constitutional right to have his grievances investigated to his satisfaction, nor any right to have the investigator review the surveillance cameras. Docket No. 31 at 9–10 (citing *Geiger v. Jowers*, 404 F.3d 371, 374–375; *Arceneaux v. Pearson*, 449 F.App'x 396 (5th Cir. Nov. 10, 2011)). This objection is without merit.

To the extent Plaintiff complains that Investigator Smallie prevented him from exhausting his administrative remedies, the Magistrate Judge construed this claim as an allegation of denial of access to courts and determined that this argument lacked merit because Plaintiff failed to show he suffered actual harm. *Id*. Plaintiff did not specifically object to this conclusion. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). Instead, Plaintiff's argues in his amended objections that the failure to process or investigate his grievances amounted to an equal protection violation. This argument is unconvincing as well.

In order to state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that either (1) a state actor intentionally discriminated against him because of membership in a protected class; or (2) he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Gibson v. Texas Dept. of Insurance—Div. of Workers' Compensation*, 700 F.3d 227, 238 (5th Cir. 2012). The alleged discrimination must be purposeful, and the Fifth Circuit has explained that "discriminatory purpose in an equal protection context implies that the decision-maker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *Johnson v. Rodriguez*, 110 F.3d 299, 307 (5th Cir. 1997) (citing *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995)). A violation of equal protection occurs only when the government treats someone differently than others similarly situated. *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988).

In *Flores v. Livingston*, 406 F.App'x 931 (5th Cir. Dec. 27, 2010), the Fifth Circuit stated that the plaintiff "did not allege that he was treated differently from similarly situated prisoners with respect to the investigation of the incident or of the grievances or that the defendants engaged in purposeful discrimination; thus, his complaint failed to state an equal protection claim and the magistrate judge did not err in dismissing this claim." Here, Plaintiff likewise did not allege, much less show, intentional discrimination or that he was treated differently than similarly situated prisoners. His equal protection claim fails to state a claim upon which relief may be granted and his objection on this point is overruled.

PREA Ombudsman Lynne Sharp

Plaintiff contends he and a friend wrote to Ombudsman Lynne Sharp, making her office

aware of his complaint that he had been sexually abused or assaulted, but that she did not respond to these letters and the situation went unaddressed. Plaintiff argues that the Supreme Court has found prison officials to be liable when they knew a prisoner faced a substantial risk of harm but failed to address it. However, Plaintiff has failed to cite to case law where a court found that an inmate has a constitutionally protected liberty interest in having grievances investigated and resolved to his satisfaction, as is the allegation here. To the contrary, the Fifth Circuit has found that an alleged due process claim arising from a failure to investigate grievances is "indisputably meritless." *Geiger*, 404 F.3d at 374–75. Plaintiff's objection on this point is overruled.

<u>The Other Defendants</u>

Plaintiff does not object to the Magistrate Judge's recommendations as to Major Harris and Captain Oakes. The Court, therefore, reviews these portions of the Magistrate Judge's Report for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1); *see also U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.").

Having reviewed these portions of the Report, the Court agrees with the Magistrate Judge that Plaintiff's claims against Major Harris should be transferred, and that Plaintiff's claims against Captain Oakes should go forward.

## **CONCLUSION**

Having made a *de novo* review of the written objections filed by Plaintiff in response to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are

correct and that Plaintiff's objections are without merit.

Accordingly, Plaintiff's objections (Docket Nos. 33 and 34) are **OVERRULED** and the findings of facts and conclusions of law contained in the Magistrate Judge's Report (Docket No. 31) are **ADOPTED** in their entirety as the findings and conclusion of the Court.

It is further **ORDERED** that Plaintiff's claims against Defendants Warden Wilson, Regional Director Scott, Investigator Smallie, and Ombudsman Sharp are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

It is further **ORDERED** that Plaintiff's claims against Major Harris be **SEVERED** from this case and **TRANSFERRED** to the United State District Court for the Northern District of Texas, Wichita Falls Division, for such other and further proceedings as that Court may deem appropriate. In accordance with Local Rule 83, the Clerk of the Court is directed to transmit the severed case after 21 days from the date of the order transferring, if no timely motion for reconsideration has been filed.

The dismissals and transfer shall have no effect on Plaintiff's claim of deliberate indifference against Captain Oakes.

**SIGNED this 19th day of April, 2018.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE